

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

*Superseded By art 29d V.C.S.*

May 18, 1951

Hon. Harvey L. Hardy
Acting District Attorney
San Antonio, Texas

Dear Mr. Hardy:

Opinion No. V-1175

Re: The Federal census to
be followed when a
variance between the
preliminary and the
final figures affects
the applicability of
"bracket" laws.

Your request for an opinion presents for determination the following question:

Does the final and corrected report
from the Bureau of the Census, which places
Bexar County in a new bracket as to several statutory items, supersede the preliminary report issued on July 13, 1950, and
change the bracket of Bexar County again,
and if so, of what date?

You state that on April 13, 1951, Bexar County received a final report from the Bureau of the Census, dated April 11, 1951, stating the population of Bexar County to be 500,460. Previously, a preliminary announcement of the census, of which Bexar County took official cognizance, revealed the population to be 496,090.

A preliminary announcement by the Area or District Census Supervisor of the population of a particular area amounts to an official announcement of which notice may be taken officially. Holcomb v. Spikes, 232 S.W. 891 (Tex.Civ.App. 1921, error dism.); Ervin v. State, 119 Tex. Crim. 204, 44 S.W.2d 380 (1931); Garrett v. Anderson, 144 S.W.2d 971 (Tex.Civ.App. 1940, error dism., judgm. cor.).

In Attorney General's Opinion V-1137 (1950), this office stated:

"After weighing the arguments in support of each of these conflicting views, and
after considering the expressions by the Texas
courts in the above-cited cases and the provisions of the statutes relative to the compensation of county and precinct officers, we

are of the opinion that the effective date of a census, within the contemplation of these statutes, coincides with the date of the official announcement of the result. This holding accords with previous rulings of this department, as expressed in Att'y Gen. Ops. 0-2337 (1940), 0-2742 (1940), 0-2932 (1940), and 0-3351 (1941)."

Although our courts have recognized that a preliminary announcement of the census is an official anoucement upon which the county officials are authorized to rely and act in financial matters of the county, such preliminary announcement is subject to correction in the final figures promulated by the Federal Government. In Garrett v. Anderson, supra, the court said:

". . . Like reports, or 'preliminary announcements,' of the census of the City of San Antonio and of Bexar County, were furnished on this form by Supervisor Morris to the Mayor and Chamber of Commerce, as well as the County Judge, in accordance with the policy of the Bureau. It should be presumed from the record here that Mr. Morris was acting fully within his official authority as supervisor in issuing the reports for the benefit of the public.

"We are of the opinion, therefore, and here hold as a matter of law, under the record made here, that the report of Supervisor Morris amounted to an official announcement, in behalf of the federal government, that the population of Bexar County, according to the last preceding federal census, is 337,557, subject to . . . corrections as may be made in the final figures promulgated by the appropriate authority in the National Government. . . ." (Emphasis ours.)

Section 4 of Title 13, U.S.C.A., requires the Director of the Census to have printed, published, and distributed, from time to time, bulletins and reports of the preliminary and other results of the various investigations authorized by law. Section 213 imposes on the Director the duty to have printed preliminary and other census bulletins and final reports of the results of the several investigations.

Preliminary announcements of census results are

expressly made subject to correction by subsequent announcements. The bulletin issued by the Bureau of the Census dated September 14, 1950, and designated Series PC-2, No. 43, which gave the preliminary counts of the 1950 census, contained this statement:

> "The preliminary population counts shown below represent the number of persons enumerated in the State, each county, and each incorporated place of 1,000 or more, but not the final verified population totals. The final population totals may differ from the preliminary counts . . ." (Emphasis added.)

As correctly pointed out in your able brief, the population of a particular county for official purposes is determined by the last census and not by the actual population of the district at the time in question. In Varble v. Whitecotton, 190 S.W.2d 244 (Mo.Sup. 1945), the court said:

> "There is no statutory provision, either Federal or State, which sets the time when the result of a census shall become official. In such a situation the general rule is that a census becomes official as of the date of its official publication. 14 C.J.S., Census, Sec. 6. This court has always taken judicial notice of 'the official records of the census' and we find no case where the fact of population has been proved by other means. . . .

> "The application of the statute we are considering is governed by the official records of the census. The statute itself denotes this. According to its terms the mere fact of the population in and of itself does not determine the statute's relevancy. The determining factor is something more. It is the population as enumerated 'according to the last preceding national census.' Thus the operation of the statute is based on the record of the census. The record of the census furnishes the evidence under which the statute shall be operative."

In our opinion, "the last preceding Federal census" upon which officials and the public are authorized to act is the latest official announcement. In the

present case, the latest announcement is the final census report, which you state was officially announced on April 11, 1951, and furnished to the officials of Bexar County on April 13, 1951.

Therefore, you are advised that the preliminary report of the census furnished the officials of Bexar County on July 13, 1950, was superseded by the final report of census dated April 11, 1951. The population bracket of Bexar County changed simultaneously with the official pronouncement of the final census report for Bexar County on April 11, 1951.

SUMMARY

The final and corrected report of census by the Bureau of the Census, dated April 11, 1951, which places Bexar County in a new population bracket, supersedes the preliminary report of census, dated July 13, 1950, and governs the population bracket for Bexar County with respect to statutes regulating certain financial affairs of the county.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant